**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**VINCENT PHILLIP, Defendant**

Civil No. 26-1971

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**JOHN GRIFFIN, Defendant**

Civil No. 30-1971

District Court of the Virgin Islands

Div. of St. Croix

January 31, 1974

Verne E. Hodge, Attorney General (Lucia A. Galiber, Assistant Attorney General of counsel), Christiansted, St. Croix, V.I., *for plaintiffs*

Edward J. Ocean, Esq., Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

These are motions in two paternity proceedings for reconsideration of my Orders of November 8, 1973, denying the defendants' motions to dismiss for failure to grant a speedy trial. The motions are without merit, as my opinion in Government of the Virgin Islands v. Santos, 292/1970, November 8, 1973 demonstrates.

■ Counsel for the defendants continues to argue the applicability of the 6th Amendment right to a speedy trial in a paternity action, a civil proceeding. I disposed of this erroneous contention in the Santos case and will not review my reasoning here. I might point out, however, that even if the 6th Amendment right applied in these cases, counsel has misread the decisions he relies upon.

The Supreme Court in Moore v. Arizona, 42 U.S.L.W. 3268 (November 5, 1973) reiterated the four-prong standard for judging speedy trial motions announced in Barker v. Wingo, 407 U.S. 514 (1972). By noting that none of the four factors was a necessary or sufficient condition for success, the Court stressed that a delicate balancing process, considering all the related factors, is essential. The Court did not hold that prejudice was irrelevant to the determination; it merely stated that, if an examination of the other factors suggested that the right had been denied, it was not incumbent upon the defendant to make an affirmative demonstration of prejudice. I fully agree with this conclusion. However, in these cases a consideration of the other three

factors would not support a holding that the speedy trial right was denied. Thus, defendants were given an opportunity to make a showing of prejudice in order to support their motions. Because no showing was made, a consideration of the remaining three Barker factors would require that the motions be denied.

██ This explanation, of course, is unnecessary. As I stated in Santos, due process requires a reasonably fast adjudication of civil liabilities. Critical in any assessment of the reasonableness of the time of proceedings is the prejudice, if any, which the delay caused the parties. Either there was no prejudice in these cases, or the defendants do not choose to submit affidavits so that the Court may consider it.

### ORDER

For the reasons stated in the above Memorandum Opinion, it is hereby

ORDERED, that defendants' motions for reconsideration of the November 8, 1973 Orders be DENIED.